UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| SPEECH TRANSCRIPTION, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> VECTRA AI, INC., <br><br> *Defendant*. | Case No. 23-cv-1528-RP |

## DEFENDANT, VECTRA AI, INC.'S ANSWER

Defendant Vectra AI, Inc. ("Vectra"), by and through its undersigned counsel, provide the following answers, separate defenses, and counterclaims to the Complaint of patent infringement ("Complaint") (D.I. 1) of Speech Transcription, LLC ("Speech Transcription" or "Plaintiff"). This pleading is based upon Vectra's knowledge as to its own activities, and upon information and belief as to other matters. Pursuant to Fed. R. Civ. P. 8(b)(3), Vectra denies all allegations in Plaintiff's Complaint except those admitted specifically below.

### PARTIES

1.      Vectra lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies the same.

2.      Vectra admits that Vectra is a corporation organized and existing under the laws of Delaware, having a place of business at 550 S. Winchester Boulevard, Suite 200, San Jose, CA 95128. Vectra denies the remaining allegations contained in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.      Vectra admits that the Complaint purports to state a claim arising under the patent

laws of the United States, in particular 35 U.S.C. § 271, et seq. Vectra also admits that the Complaint purports to seek damages, attorney fees, and costs. Vectra denies the remaining allegations in Paragraph 3 of the Complaint.

4. Vectra admits that this Court generally has original subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. Paragraph 6 contains legal conclusions to which no answer is required. To the extent a response is required, Vectra does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Vectra otherwise denies the remaining allegations of Paragraph 5 of the Complaint, and explicitly denies any allegation of infringement.

6. Vectra admits that it conducts business in the State of Texas. Vectra explicitly denies any allegation of infringement. Vectra does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Vectra otherwise denies the remaining allegations of Paragraph 6 of the Complaint, and explicitly denies any allegation of infringement.

7. Paragraph 7 contains legal conclusions to which no answer is required. To the extent a response is required, Vectra does not contest venue for the purposes of this action only, and expressly reserves the right to contest venue in any other case as to any party. Vectra otherwise denies the remaining allegations of Paragraph 7 of the Complaint.

8. Paragraph 8 contains legal conclusions to which no answer is required. To the extent a response is required, Vectra does not contest venue for the purposes of this action only, and expressly reserves the right to contest venue in any other case as to any party. Vectra otherwise denies the remaining allegations of Paragraph 8 of the Complaint.

**PATENT-IN-SUIT**

9. Paragraph 9 contains legal conclusions to which no answer is required. To the extent a response is required, Vectra admits that the face of the document attached as Exhibit A appears to be U.S. Patent No. 8,938,799 (the '799 Patent). Vectra lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. Vectra denies the allegations of Paragraph 10 of the Complaint.

11. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Vectra denies the allegations of Paragraph 11 of the Complaint.

12. This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Vectra lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. Paragraph 13 contains vague and ambiguous allegations that do not require a response. To the extent a response is required, Vectra denies that it infringes or has infringed the '799 Patent.

14. Paragraph 14 offers characterizations of passages from Exhibit A to the Complaint that require no response. To the extent that a response is required, the characterizations of Exhibit A contained in paragraph 14 are vague, and, as a result, Vectra lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 14 of the Complaint, and therefore denies the same. Vectra also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. Paragraph 15 calls for a legal conclusion that requires no response. Paragraph 15 further offers characterizations from Exhibit A to the Complaint that require no response. To the extent that a response is required, the characterizations of Exhibit A contained in paragraph 15 are

vague, and, as a result, Vectra lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 15 of the Complaint, and therefore denies the same. Vectra also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 15 of the Complaint, and therefore denies the same.

16. Paragraph 16 offers characterizations from Exhibit A to the Complaint that require no response. To the extent that a response is required, the characterizations of Exhibit A contained in paragraph 16 are vague, and, as a result, Vectra lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 16 of the Complaint, and therefore denies the same. Vectra also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 16 of the Complaint, and therefore denies the same.

17. Paragraph 17 offers characterizations from Exhibit A to the Complaint that require no response. To the extent that a response is required, the characterizations of Exhibit A contained in paragraph 17 are vague, and, as a result, Vectra lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 17 of the Complaint, and therefore denies the same. Vectra also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18. Paragraph 18 offers characterizations from Exhibit A to the Complaint that require no response. To the extent that a response is required, the characterizations of Exhibit A contained in paragraph 18 are vague, and, as a result, Vectra lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 18 of the Complaint, and therefore denies the same. Vectra also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19. Vectra denies the allegations of Paragraph 19 of the Complaint.

20. Vectra denies the allegations of Paragraph 20 of the Complaint.

21. Vectra denies the allegations of Paragraph 21 of the Complaint.

22. Vectra admits that the face of the '799 Patent, attached as Exhibit A to the Complaint, names Aravind Moorthy as the Primary Examiner. Vectra lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23. Paragraph 23 offers allegations regarding beliefs of the Primary Examiner of the '799 Patent, for which Vectra lacks sufficient knowledge or information to form a belief, and therefore denies the same. Vectra also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 23 of the Complaint, and therefore denies the same.

24. Vectra lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 24 of the Complaint, and therefore denies the same.

25. Vectra denies the allegations of Paragraph 25 of the Complaint.

26. The allegations in Paragraph 26 call for a legal conclusion to which no response is required. To the extent a response is required, Vectra lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 26 of the Complaint, and therefore denies the same.

## ACCUSED INSTRUMENTALITIES

27. Vectra admits that it provides a product that is referred to as the Vectra AI platform.

## COUNT I

## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,938,799)

28. Vectra incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

28. Vectra admits that the Complaint purports to state a claim arising under the patent

laws of the United States, in particular 35 U.S.C. § 271, et seq.[1]

29. Vectra admits that it has knowledge of the '799 Patent upon reviewing the Complaint, but denies any knowledge of any coherent allegation of infringement. Vectra denies the remaining allegations of Paragraph 29 of the Complaint. Vectra specifically denies that it infringes or has infringed the '799 Patent.

30. Vectra denies the allegations of Paragraph 30 of the Complaint.

31. The allegations in Paragraph 31 call for a legal conclusion to which no response is required. To the extent a response is required, Vectra denies the allegations in Paragraph 31 of the Complaint, and specifically denies any allegation of infringement.

32. Vectra denies the allegations of Paragraph 32 of the Complaint.

33. Vectra admits that it has knowledge of the '799 Patent upon reviewing the Complaint, but denies any knowledge of any coherent allegation of infringement. Vectra denies the remaining allegations of Paragraph 33 of the Complaint. Vectra specifically denies that it infringes or has infringed the '799 Patent.

34. The allegations in Paragraph 34 call for a legal conclusion to which no response is required. To the extent a response is required, Vectra admits that it has knowledge of the '799 Patent upon reviewing the Complaint, but denies any knowledge of any coherent allegation of infringement. Vectra denies the remaining allegations in this paragraph. Vectra specifically denies that it infringes the '799 Patent.

35. Vectra denies the allegations of Paragraph 35 of the Complaint, and explicitly denies any allegation of infringement.

36. Vectra admits that the document attached as Exhibit B purports to be a claim chart.

---

[1] Plaintiff's complaint includes two different paragraphs identified as paragraph 28.

Vectra denies the remaining allegations in Paragraph 36 of the Complaint, and specifically denies any infringement of the '799 Patent.

37. The allegations in Paragraph 37 incorporate the purported claim chart in Exhibit B, to which no response is required. To the extent a response is required, Vectra denies the allegations in Paragraph 37 of the Complaint, and specifically denies any infringement of the '799 Patent.

38. Vectra denies the allegations of Paragraph 38 of the Complaint.

39. Vectra denies the allegations of Paragraph 39 of the Complaint.

40. Vectra denies the allegations of Paragraph 40 of the Complaint.

41. The allegations in Paragraph 41 call for a legal conclusion to which no response is required. To the extent any response is required, Vectra lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 41 of the Complaint, and therefore denies the same.

## DEMAND FOR JURY TRIAL

42. Paragraph 42 consists of a jury demand for which no response is required. Vectra also demands a jury trial for all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint recites a prayer for relief for which no response is required. To the extent a response is required, Vectra denies that Plaintiff is entitled to any remedy or relief.

## VECTRA'S DEFENSES

Defendant Vectra asserts the following defenses in response to the allegations in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Vectra reserves the right to assert any additional defenses as they become known during the course of this action or to the extent they

are not otherwise deemed affirmative defenses by law.

## FIRST DEFENSE – NON-INFRINGEMENT

43. Vectra has not (i) directly infringed, either literally or under the Doctrine of Equivalents, or (ii) indirectly infringed, by either inducing others to infringe or contributing to others' infringement, either literally or under the Doctrine of Equivalents, any valid or enforceable claim of the '799 Patent.

## SECOND DEFENSE - INVALIDITY

44. Plaintiff's claims for infringement of the '799 patent are barred because every claim the '799 patent is invalid for failing to comply with the requirements of Title 35 of the United States Code, including at least §§ 101, 102, 103, 112, and/or 116, or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent and Trademark Office relating thereto.

## THIRD DEFENSE – EQUITABLE DOCTRINES

45. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, acquiescence, estoppel, implied license, patent misuse, and/or unclean hands.

## FOURTH DEFENSE – LIMITATION ON DAMAGES

46. Plaintiff's claims for relief are barred, in whole or in part, by operation of the applicable statutes that limit damages and other relief, including but not limited to 35 U.S.C. §§ 286, 287, and 288. Plaintiff has not pleaded or proven any pre-suit notice, pre-suit patent marking by any of its licensees, or any other basis for pre-suit damages.

## FIFTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

47. The claims of the '799 patent are barred in whole or in part by the doctrine of prosecution history estoppel, judicial estoppel, and/or other equitable doctrines.

## SIXTH DEFENSE – LACK OF STANDING

48.     To the extent that Speech Transcription was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, Speech Transcription lacks standing to bring one or more claims in this lawsuit.

## SEVENENTH DEFENSE – ADDITIONAL DEFENSES

49.     Any additional defenses or counterclaims that discovery may reveal.

## PRAYER FOR RELIEF

WHEREFORE, Vectra prays for the following relief:

A.      Dismissal with prejudice of Plaintiff's Complaint in its entirety;

B.      Denial of all remedies sought by Plaintiff in the Complaint;

C.      Declaration that Vectra does not infringe, and has not infringed, any claim of the '799 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise;

D.      Declaration that all claims of the '799 patent are invalid for failing to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, 112, and/or 116;

E.      Declaration that the '799 patent is unenforceable against Vectra in whole or in part under the doctrines of waiver, acquiescence, equitable estoppel, exhaustion, implied license, unclean hands, patent misuse, prosecution history estoppel, and/or Plaintiff's failure to comply with 35 U.S.C. § 287;

F.      Declaration that this is an exceptional case pursuant to 35 U.S.C. § 285, awarding Vectra its costs and expenses in this action, including reasonable attorneys' fees; and

      G.      Granting such other and additional relief to Vectra as this Court deems just and proper.

## JURY DEMAND

Vectra demands a jury trial of all issues so triable.

Dated: May 29, 2024

Respectfully submitted,

*/s/ Krishnan Padmanabhan*

Krishnan Padmanabhan
Christopher Thomas Gresalfi
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: kpadmanabhan@winston.com
Email: cgresalfi@Winston.com

Saranya Raghavan
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: sraghavan@winston.com

*Attorneys for Defendant
Vectra AI, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a copy of Vectra's foregoing Answer, Separate Defenses, and Counterclaims was filed via ECF and served on all counsel of record by ECF and electronic mail on May 29, 2024.


Dated: May 29, 2024                                          */s/ Krishnan Padmanabhan*
                                                                              Krishnan Padmanabhan