**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| ——————————————— x | |
| : | |
| SPEECH TRANSCRIPTION, LLC, : | |
| : | Case No. 23-cv-1528-RP |
| *Plaintiff,* : | |
| v. : | |
| : | |
| VECTRA AI, INC., : | |
| : | |
| : | |
| *Defendant.* : | |
| ——————————————— x | |

### REPLY IN SUPPORT OF DEFENDANT'S FED. R. CIV. P. 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS FOR LACK OF SUBJECT MATTER ELIGIBILITY UNDER 35 U.S.C. § 101

# TABLE OF CONTENTS

Page(s)

I.  INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT ................................................................................................................... 2

    A.  Disposition of Patent Eligibility Is Not Only Appropriate, But Common at the Rule 12 Stage. .................................................................................................. 2

        1.  The Federal Circuit's Case Law Explains that Speech Transcription's Conclusory Allegations Should Not Be Accepted as True, and Do Not Prevent a Finding of Ineligibility at the Rule 12 Stage. ........................................................................................................... 2

        2.  Speech Transcription's Mere Mention of Claim Construction Does Not Prevent a Finding of Ineligibility at the Rule 12 Stage. ...................... 2

    B.  Claim 14 Should Be Held Ineligible. ..................................................................... 3

        1.  Speech Transcription's Arguments Only Confirm that the '799 Claims Are Abstract and Must Fail at *Alice* Step One ................................ 4

    C.  Speech Transcription Fails to Identify Any Inventive Concept to Save the Claims at *Alice* Step Two. .................................................................................... 7

    D.  Speech Transcription's Infringement Allegations Are Implausible. ...................... 7

        1.  Speech Transcription's Complaint Does Not Contain a Plausible Allegation that any Vectra AI Product Satisfies Claim 14. ......................... 7

        2.  Speech Transcription's Complaint Does Not Contain a Plausible Allegation that Vectra AI Performs any Infringement of Claim 14. .......... 8

        3.  Speech Transcription Concedes That Pre-Suit Indirect Infringement Should Be Dismissed. ......................................................... 9

III.  CONCLUSION ................................................................................................................ 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
890 F.3d 1354 (Fed. Cir. 2018)................................................................................4

*Affinity Labs of Tex., LLC v. Amazon.com, Inc.*,
838 F.3d 1266 (Fed. Cir. 2016)................................................................................6

*Aftechmobile Inc. v. Salesforce.com, Inc.*,
853 F. App'x 669 (Fed. Cir. 2021) ..........................................................................6

*Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*,
569 U.S. 576 (2013)..................................................................................................4

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022).....................................................................9

*BSG Tech LLC v. Buyseasons, Inc.*,
899 F.3d 1281 (Fed. Cir. 2018)................................................................................7

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l Inc.*,
631 F.3d 1279 (Fed. Cir. 2011)................................................................................8

*ChargePoint, Inc. v. SemaConnect, Inc.*,
920 F.3d 759 (Fed. Cir. 2019)..................................................................................6

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
859 F.3d 1352 (Fed. Cir. 2017)................................................................................3

*DDR Holdings, LLC v. Hotels.com, L.P.*,
773 F.3d 1245 (Fed. Cir. 2014)................................................................................4

*Genetic Techs. Ltd. v. Merial L.L.C.*,
818 F.3d 1369 (Fed. Cir. 2016)................................................................................4

*In re TLI Commc'ns LLC Pat. Litig.*,
823 F.3d 607, 611 (Fed. Cir. 2016).........................................................................5

*Khalik v. United Air Lines*,
671 F.3d 1188 (10th Cir. 2012) ...............................................................................2

*PersonalWeb Techs. LLC v. Google LLC*,
8 F.4th 1310 (Fed. Cir. 2021) ..................................................................................2

*Rady v. Bos. Consulting Grp., Inc.*,
    No. 2022-2218, 2024 WL 1298742 (Fed. Cir. Mar. 27, 2024)................................5

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
    65 F.4th 698 (Fed. Cir. 2023) ........................................................................3

*SAP Am., Inc. v. InvestPic, LLC*,
    898 F.3d 1161 (Fed. Cir. 2018)......................................................................7

*Simio, LLC v. FlexSim Software Prod., Inc.*,
    983 F.3d 1353 (Fed. Cir. 2020)..............................................................2, 3, 7

*Trinity Info Media, LLC v. Covalent, Inc.*,
    72 F.4th 1355 (Fed. Cir. 2023) ..................................................................3, 7

*VOXX Int'l Corp. v. Sw. Dealer Servs.*,
    No. SACV 23-350-GW-MAAx, 2023 U.S. Dist. LEXIS 112942 (C.D. Cal.
    2023) ....................................................................................................4, 5

*WhitServe LLC v. Dropbox, Inc.*,
    No. CV 18-665-CFC, 2019 WL 3342949 (D. Del. July 25, 2019), *aff'd*, 854 F.
    App'x 367 (Fed. Cir. 2021)............................................................................4

**Statutes**

35 U.S.C. § 101................................................................................2, 3, 4, 9

35 U.S.C. § 102........................................................................................4

35 U.S.C. § 103........................................................................................4

**Other Authorities**

Fed. R. Civ. P. 12..................................................................................1, 2, 3

Fed. R. Civ. P. 12(c)...................................................................................9

## I.      INTRODUCTION

Speech Transcription's response relies on a misapplication of the law surrounding Rule 12 motions and patent eligibility to argue that its boilerplate allegations require a finding that the claims of the '799 Patent are eligible.  The issue of patent eligibility is ripe, and regularly addressed at the pleading stage.  Speech Transcription's arguments only confirm the same.  At *Alice* step one, Speech Transcription's own explanation of the '799 Patent claims—as "a unified security system that provides a repository of defense functions from any participating vendors' software modules"—only confirms that the claims are abstract.  Opp. Br. at 5.  At *Alice* step two, Speech Transcription relies on conclusory allegations, which should be afforded no weight, and the generic technological improvement of "protecting endpoint computing systems and managing, providing, and obtaining security functions," which does nothing to move the claim beyond the abstract.  Opp. Br. at 11.  Speech Transcription's own arguments thus confirm an ineligibility finding and that dismissal is appropriate.

Speech Transcription's arguments regarding the plausibility of its infringement allegations fare no better.  Speech Transcription misrepresents the standard for pleading infringement and simply doubles down on its deficient allegations while failing to address the deficiency identified by Vectra AI.  Speech Transcription's inability to set forth even a plausible claim of infringement by Vectra AI is a second and independent basis for dismissal of the Complaint.

1

## II.     ARGUMENT

### A.     Disposition of Patent Eligibility Is Not Only Appropriate, But Common at the Rule 12 Stage.

#### 1.     The Federal Circuit's Case Law Explains that Speech Transcription's Conclusory Allegations Should Not Be Accepted as True, and Do Not Prevent a Finding of Ineligibility at the Rule 12 Stage.

Speech Transcription misrepresents Federal Circuit case law to argue that because concrete factual allegations are taken as true at the Rule 12 stage, Speech Transcription's Complaint immunizes the '799 Patent from an ineligibility challenge at this juncture.  Not true.  As the Federal Circuit has explained, courts are supposed to "disregard conclusory statements when evaluating a complaint under Rule 12[]".  *Simio, LLC v. FlexSim Software Prod., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020) (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).  Conclusory allegations that just "repackage" assertions of eligibility—such as that the claims "overcome deficiencies existing in the art," that the claims "are not drawn to . . . abstract ideas," and that the claims "contain inventive concepts"—as Speech Transcription relies upon here (Opp. Br. at 10), can be rejected as a matter of law.  *Id.*   The simple truth is that "not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry."  *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1314 (Fed. Cir. 2021) (internal quotation marks omitted).  This is one such case with no genuine disputes, as neither Speech Transcription's allegations nor its Opposition Brief raise any actual dispute.

#### 2.     Speech Transcription's Mere Mention of Claim Construction Does Not Prevent a Finding of Ineligibility at the Rule 12 Stage.

In an effort to throw additional spaghetti at the proverbial wall, Speech Transcription argues that the "absence of claim construction" precludes a finding of ineligibility.  Opp. Br. at 1. But in order to rely on claim construction to delay an ineligibility finding, the "patentee must

propose a specific claim construction or identify specific facts that need development and explain why those circumstances must be resolved before the scope of the claims can be understood for § 101 purposes." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1361 (Fed. Cir. 2023) (citing *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) ("[W]e have repeatedly affirmed § 101 rejections at the motion to dismiss stage, before claim construction or significant discovery has commenced.") and *Simio*, 983 F.3d at 1365 ("The main problem with this argument is that Simio has not explained how it might benefit from any particular term's construction under an Alice § 101 analysis.")).

Here, Speech Transcription states that "at least the following terms/phrases require construction" prior to an eligibility ruling: (1) "open platform;" (2) "security function software modules;" and (3) "defense functions."  Opp. Br. at 12.  While Speech Transcription states that "a proper construction of the[se] phrases" is "directly relevant to" whether the claims recite an abstract idea, Speech Transcription provides no explanation of why this is the case and provides no construction of these terms that would purportedly impact eligibility.  *Id.*  As the Federal Circuit has explained, "[b]ecause [Speech Transcription] did not identify a proposed claim construction," it is appropriate for the Court to "proceed to analyzing the asserted claims under § 101" at the Rule 12 stage.  *Trinity Info Media*, 72 F.4th at 1361.

### B.    Claim 14 Should Be Held Ineligible.

Each of Speech Transcription's arguments regarding Claim 14, under both *Alice* step one and *Alice* step two, only confirm the ineligibility of Claim 14, and thus the entirety of the '799 Patent.

Speech Transcription points to the fact that its patent claims are "presumptively drawn to patent-eligible subject matter."  Opp. Br. at 4.  But "courts are not required to defer to Patent Office determinations as to eligibility."  *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 705 (Fed. Cir.

2023).  "[C]ourts regularly find patents ineligible under § 101," at the pleadings stage "even though those patents had been previously examined and allowed by the USPTO."  *WhitServe LLC v. Dropbox, Inc.*, No. CV 18-665-CFC, 2019 WL 3342949, at *7 (D. Del. July 25, 2019) (collecting cases), *aff'd*, 854 F. App'x 367 (Fed. Cir. 2021).

And while Speech Transcription also emphasizes that claims are presumed novel and non-obvious (Opp. Br. at 4), this is the test for validity under 35 U.S.C. §§ 102–103, and irrelevant to eligibility § 101.  *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 890 F.3d 1354, 1359 (Fed. Cir. 2018) ("[A] claim directed to a[n] . . . abstract idea . . . cannot rely on the novelty of that discovery for the inventive concept necessary for patent eligibility"); *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1374 (Fed. Cir. 2016) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 591 (2013)) ("Groundbreaking, innovative, or even brilliant discovery does not by itself satisfy the § 101 inquiry.").  What matters, as discussed below, is that Claim 14 cannot pass muster under the two-step *Alice* test.

### 1.   Speech Transcription's Arguments Only Confirm that the '799 Claims Are Abstract and Must Fail at *Alice* Step One.

Speech Transcription argues that Claim 14 is focused on "a unified security system that provides a repository of defense functions from any participating vendors' software modules," and that "[t]his is not an abstract idea."  Opp Br. at 5.  But this is nothing more than combining multiple modules into one platform—i.e., receiving software from various vendors in a single platform instead of independent platforms—and is undoubtedly abstract.[1]  *VOXX Int'l Corp. v. Sw. Dealer Servs.*, No. SACV 23-350-GW-MAAx, 2023 U.S. Dist. LEXIS 112942, at *11–12 (C.D. Cal.

---

[1] Speech Transcription mischaracterizes *DDR Holdings*.  Dkt. at 7.  At issue in *DDR Holdings* was an "inventive" website.  *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1259 (Fed. Cir. 2014).  Unlike *DDR Holdings*, there is nothing "inventive" about the '799 patent.

2023) (finding claims directed to the ineligible abstract idea of "incorporating multiple different operating modes in a single control module of a vehicle security system.").  Speech Transcription similarly argues that Claim 14 solves the problem that "residential internet users . . . are unlikely to have adequate security protection[,]" and that the aggregation of multiple defensive functions into a single platform will eliminate "the need to subscribe to and pay for multiple security services" and  the "difficult[y] for end users to remember numerous and periodically changing sets of passwords/user IDs."  Opp Br. at 8–9 (citing '799 Patent 4:38–46, 4:50–63, and 4:66–5:13).  But these are not technical problems, and Claim 14 does not offer any technical solutions.  *See e.g., VOXX*, 2023 U.S. Dist. LEXIS 112942, at *11–13 (rejecting argument that claims were directed to a "technical improvement" because "Plaintiff does not tie these purported improvements to any specific operations or components disclosed in claim 1," and "Claim 1 includes no limitations regarding . . . how the modes for the systems come to be integrated into a singular control module.")  Instead, all Claim 14's forty-word claim offers is the abstract concept of aggregating multiple pieces of software in a single platform, which is an abstract idea.

Speech Transcription also argues that claims that have "no particular concrete or tangible form" or that "simply instruct the practitioner to implement the abstract idea of intermediated settlement on a generic computer" are abstract.  Opp. Br. at 6.  To the extent that Speech Transcription intends to imply that these are the only types of ineligible claims, that is categorically untrue.  *Rady v. Bos. Consulting Grp., Inc.*, No. 2022-2218, 2024 WL 1298742, at *3 (Fed. Cir. Mar. 27, 2024) ("As we have previously recognized, 'claims are not saved from abstraction merely because they recite components more specific than a generic computer.'") (internal citations omitted); *In re TLI Commc'ns LLC Pat. Litig.,* 823 F.3d 607, 611 (Fed. Cir. 2016) (concluding that a claim was directed to an abstract idea notwithstanding the fact that it "require[d] concrete,

tangible components such as a telephone unit and a server" because "the specification ma[de] clear that the recited physical components merely provide[d] a generic environment in which to carry out the abstract idea of classifying and storing digital images in an organized manner.") (internal citations omitted).  And even if Claim 14 has physical components, such as an "open platform," that does not inform eligibility, because Speech Transcription provides no explanation of what is non-abstract or inventive about this "open platform" beyond the abstract idea of aggregating multiple software modules into a single platform.  And Speech Transcription does not even offer a construction of what it thinks the "open platform" is and instead asserts that "[*t]he only requirement*," is that the claimed "open platform" must "be *capable* of receiving and executing security function software modules."  *See,* Opp. Br. at 12–14 (emphasis added).  Thus, Speech Transcription confirms that claim 14 only recites a "desired function[] without corresponding recitations on how to achieve or implement [this] function[]," which "leaves the claim[] devoid of anything but the abstract idea."  *Aftechmobile Inc. v. Salesforce.com, Inc.,* 853 F. App'x 669, 669 (Fed. Cir. 2021).

The argument that Claim 14 is somehow non-abstract because it recites a solution in the realm of computer networks or computers, or a specific improvement in computer capabilities, rings hollow.  But the analysis of Alice step one, however, "must focus on the language of the Asserted Claims themselves."  *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 767 (Fed. Cir. 2019).  Here, the supposed improvement is nothing more than the abstract idea of an open platform that accommodates multiple software modules.  Instead of disclosing a novel and inventive mechanism that improves computer functionality, the claims "do no more than describe a desired function or outcome," and are thus abstract.  *Affinity Labs of Tex., LLC v. Amazon.com, Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016).

### C.   Speech Transcription Fails to Identify Any Inventive Concept to Save the Claims at *Alice* Step Two.

To survive at *Alice* step two, "[w]hat is needed is an inventive concept in the non-abstract application realm." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1168 (Fed. Cir. 2018). First, Speech Transcription relies on its boilerplate allegations that (i) "the '799 Patent overcome[s] deficiencies existing in the art as of the date of the invention, and comprise[s] non-conventional approaches" (Opp. Br. at 10 (citing Compl., ¶ 19)), (ii) "the '799 Patent [is] not drawn to laws of nature . . . or abstract ideas" (Opp. Br. at 10 (citing Compl., ¶ 20)), and (iii)  "the '799 Patent contain[s] inventive concepts which transform the . . . claims into patent-eligible subject matter" (Opp. Br. at 10 (citing Compl., ¶ 21)). Speech Transcription also argues that it has alleged that the '799 Patent solves technical problems. Opp. Br. at 11 (citing Compl., ¶¶ 14–15). But the Federal Circuit has explained that these types of conclusory allegations should be given no weight. *Simio*, 983 F.3d at 1365 (citations omitted); *Trinity Info Media*, 72 F.4th at 1366; *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018). These allegations cannot save Claim 14 at *Alice* step two.

And while Speech Transcription states that the invention "solve[d] the technical problem facing the industry in 2004 associated with the difficulty of protecting endpoint computing systems and managing, providing, and obtaining security functions," the claims do so by simply applying the abstract idea of aggregating multiple security tools in a single platform. Opp. Br. at 11. When the supposed point of inventiveness is nothing beyond "the realm of abstract ideas," the claim must fail at *Alice* step two. *SAP Am., Inc.*, 898 F.3d at 1168–70.

### D.   Speech Transcription's Infringement Allegations Are Implausible.

#### 1.   Speech Transcription's Complaint Does Not Contain a Plausible Allegation that any Vectra AI Product Satisfies Claim 14.

Speech Transcription argues that because Claim 14 is a system claim, it therefore only

needs to be "capable of" satisfying the claim.  Opp. Br. at 14.  This completely misses the point of Vectra AI's motion.  As explained in Vectra AI's motion, Speech Transcription's charts state, at best, that Vectra AI's platform can connect to various security technologies.  But merely having the ability to connect or integrate with other technologies does not mean that the accused product will "receiv[e]" or "execut[e]" any "software modules" from third party vendors as recited by Claim 14.  Dkt. 1-1 ('799 Patent) at 19:50–52.  Indeed, it is well known, that software applications are designed to be integrated via API to prevent the need for either application to directly access or download the other's codebase or software modules.  Nor has Speech Transcription's Complaint plausibly alleged that the accused product is *adapted to* perform such functionality, and none of Speech Transcription's citations support any such allegation.

> **2.      Speech Transcription's Complaint Does Not Contain a Plausible Allegation that Vectra AI Performs any Infringement of Claim 14.**

Speech Transcription fails to grapple with the law of infringement by multiple parties. Vectra AI's platform, as sold, is not operable to "receiv[e]" or "execut[e]" software modules from various vendors.  The very documents cited in Speech Transcription's Complaint make clear that any connection to a third-party software provider requires customer configuration.  This is an untenable theory of divided infringement.  *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011).  Speech Transcription simply doubles down on its deficient allegations, stating that even if Vectra's product enables customers to configure the product in an infringing manner, this means Vectra's products are "capable of" infringement, and thus plausibly infringe.  This acknowledgement of customer activity necessary to create the infringing system is an admission that Vectra AI cannot directly infringe.

### 3. Speech Transcription Concedes That Pre-Suit Indirect Infringement Should Be Dismissed.

Speech Transcription relies on its allegations that Vectra AI has knowledge of the '799 Patent as a result of Speech Transcription's Complaint.  Opp Br. at 14–15 (citing Compl., ¶¶ 29, 34–35).  Speech Transcription makes no argument with respect to pre-suit knowledge, and since indirect infringement requires knowledge of the asserted patent, any allegation of pre-suit indirect infringement must be dismissed.  *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 777–78 (W.D. Tex. 2022).

## III.   CONCLUSION

For the foregoing reasons, Vectra AI respectfully requests that the Court grant its Rule 12(c) motion for judgment on the pleadings for lack of subject matter eligibility under 35 U.S.C. § 101, and for failure to state claim.

Dated:  July 5, 2024

Respectfully submitted,

*/s/ Krishnan Padmanabhan*
Krishnan Padmanabhan

**WINSTON & STRAWN LLP**
Krishnan Padmanabhan
California Bar No. 254220
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
kpadmanabhan@winston.com

*Attorneys for Defendant*
*Vectra AI, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on July 5, 2024.

*/s/ Krishnan Padmanabhan*
Krishnan Padmanabhan